Harold R. OTWELL et al *v.* R. L. BOLEN et al

76-200                                     545 S.W. 2d 634

Opinion delivered January 31, 1977
(Division I)

*John T. Lavey,* for appellants.

*William I. Prewett* and *Bill J. Davis,* for appellees.

GEORGE ROSE SMITH, Justice. This suit for an accounting was brought by the appellants as taxpayers and patrons of Junction City School District No. 75. The defendants are the members of the district's board of directors and its superintendent of schools. After the case had been pending for more than a year it was set for a hearing on the merits on February 19, 1976. On that day the plaintiffs were not prepared to offer any evidence. Instead, they asked the court to set another hearing at some time in the future, to allow the plaintiffs "to get reasonable discovery" and to have an opportunity to establish whether the legislative audit reports of the district's records were adequate and proper. The chancellor

denied that request for further time and dismissed the complaint with prejudice. This appeal is from that decree.

The chancellor was right. The complaint was filed in January, 1975. It alleged serious wrongdoing on the part of the directors and superintendent, who were charged with converting school money and property to their own use and with fraudulently concealing those transactions from the public. The complaint, as later amended, also alleged that among the "many thousands of items" purchased by the district the plaintiffs had no way of giving detailed and specific information as to each instance of wrongdoing. An accounting of all transactions since 1968 was sought.

From the outset the defendants denied any wrongdoing. Defense counsel obtained copies of the legislative audits of the district for the years ending on June 30, 1973 and 1974, and offered to submit them for examination. It does not appear that any such examination was ever requested or made. Later on the court directed that the audits for earlier years be made available, but again there is no indication that the opportunity was availed of. On November 26, 1975, the court directed that the taking of all discovery depositions be completed by January 23; but no depositions were ever taken by counsel for the plaintiffs, nor were any interrogatories propounded.

The appellants' argument seems to be twofold. First, it is contended that the appellees, being fiduciaries, should be required to make a detailed accounting for the six or seven years in question. The difficulty, however, is that the plaintiffs have offered no evidence whatever either of any wrongdoing on the part of the defendants or of any failure by them to keep the district's records as required by law. In this respect the case differs materially from *Brewer* v. *Hawkins*, 248 Ark. 1325, 455 S.W. 2d 864 (1970), relied upon by the appellants, where the plaintiffs adduced the testimony of many witnesses. There a prima facie case was made, requiring the defendant to go forward with the evidence. Here there is no basis for the appellants' demand that the appellees incur what would necessarily be a very substantial expense in order to make a detailed accounting, with no irregularity having been proved.

Alternatively, the appellants ask in their brief that they "be given time to scrutinize those legislative audits and take discovery pertaining to them, and, once appellants have completed that discovery, the trial court should then order a hearing to determine the issue of whether appellees have established their affirmative defense that they have fully accounted. At that hearing, *if appellants establish that appellees have not fully accounted* [our italics], appellants will have established their right to an accounting." In other words, the appellants, having made no showing that a cause of action exists, seek an indefinite extension of time to explore the possibility that they really have a basis for complaint. It is fair to point out that such an investigation should have been made before a complaint charging misconduct in office was filed and that during the pendency of this suit in the trial court the plaintiffs had more than a year "to scrutinize those legislative audits and take discovery pertaining to them." We can find no reason to say that the chancellor was wrong in bringing this case to an end. (It has not been argued by the appellants that the dismissal should have been without prejudice.)

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. This is a taxpayers' lawsuit that was dismissed with prejudice by the lower court. The majority of this court has affirmed that dismissal with prejudice.

The lawsuit was originally filed in January of 1975, alleging serious misuse of public funds by the superintendent and board members of the Junction City School District No. 75. In the main, the majority base their decision on the fact that the case had been pending for over a year and the appellants were unable to produce any evidence of wrongdoing. The case did not actually go to trial. The court set a date in January of 1976, by which time all discovery would have to be completed by the parties. The appellants objected, stating that they needed more time to study the audit reports of the school district and to take the depositions of the parties. The

lower court did not grant this request and, when the matter came up for trial in February, the case was dismissed with prejudice.

I cannot agree with the lower court, or the majority, that the appellants were less than diligent in pursuing their lawsuit.

It was eight months before the preliminary motions and pleadings were resolved and the appellees filed a general denial and wanted this matter set down for trial. Also, during this period of time the lower court judge was absent for one month. In other words, there are arguments that can be made on both sides as to whether or not it was proper to dismiss this case with prejudice. However, the disposition of this case, with prejudice, means that no taxpayer in this school district can ever challenge any expenditures of public money by the superintendent or the school board for the period of time in question, which is about eight years. This means that the defendants have not been exonerated by trial, nor have the appellants had their day in court. Therefore, it is my conclusion that the order of the lower court in dismissing the case with prejudice, and the action of the majority of this court in affirming that decision, is too harsh.

I would affirm the lower court on dismissing the case but without prejudice.